FILED
CLERK

8:02 am, Jun 03, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JOAN BAROSS, as the Executor of the Estate of, and on behalf of, JOHN F. BAROSS SR.,

          Plaintiff,

     -against-

GREENLAWN VOLUNTEER FIRE DEPARTMENT INC., KURT ALLEN, STAN SADOWSKI, SCOTT WARY OLD and LEE JOSEPH,

          Defendants.
--------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:16-cv-04805 (ADS)(SIL)

**APPEARANCES:**

**Scott Michael Mishkin, P.C.**
*Attorneys for the Plaintiff*
One Suffolk Square Suite 520
Islandia, NY 11749
    By:    Scott M. Mishkin, Esq.,
           Paul Carruthers, Esq., Of Counsel.

**Bond Schoeneck & King**
*Attorneys for the Defendants*
600 Third Avenue
New York, NY 10016
    By:    Gregory Bertram Riley, Esq.,
           Aisling Margaret McAllister, Esq., Of Counsel.

**SPATT, District Judge**:

      On September 14, 2018, the Defendants requested a pre-motion conference regarding their proposed motion for summary judgment, which attached as an exhibit the Defendants' Rule 56.1 Statement of Undisputed Material Facts as well as the Plaintiff's Counterstatement and Additional Material Facts. The Court held the pre-motion conference on November 14, 2018, during which the Court authorized the Defendants' request. Before the filing of the Defendants' motion,

1

however, the Court permitted the Plaintiff to file a motion seeking leave to amend her Rule 56.1 Counterstatement. The Plaintiff filed that motion on November 23, 2018, which is presently before the Court. For the following reasons, the Court grants the Plaintiff leave to amend.

Whether to grant the Plaintiff's motion rests within the Court's discretion, because it relates to compliance with deadlines set pursuant to the Local Rules. *Cf. Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir.2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); *Frooks v. Town of Cortlandt*, 997 F.Supp. 438, 445 n.1 (S.D.N.Y.1998) ("Rule 56.1 does not prohibit the consideration of untimely statements.").

The Court sees no dilatory tactics or risk of prejudice warranting denial of the Plaintiff's motion. The impetus for the Plaintiff's motion came from the withdrawal of her previous counsel after the parties submitted their Rule 56.1 statements. Soon after retaining her current counsel, she sought to make her proposed amendments, including meeting and conferring with the Defendants, as well as raising the issue at the pre-motion conference. As evidenced by the Defendants' opposition to the motion, which substantively responds to the new facts cited by the Plaintiff, the Defendants were "fairly and adequately apprised of the nature and basis of the application," such that no prejudice would result from granting the Plaintiff's application. *See Sprayregen v. A. Gugliotta Dev., Inc.*, 166 F. Supp. 3d 291, 294 n.2 (E.D.N.Y. 2016) (considering untimely 56.1 counterstatement); *McAnaney v. Astoria Fin. Corp.*, No. 04-cv-1101, 2007 WL 2702348, at *1 n.1 (E.D.N.Y. Sept. 12, 2007) ("[T]he Court finds that its acceptance of defendants' amended 56.1 filings will not unfairly prejudice plaintiffs because they have had an opportunity to respond to the assertions therein-indeed, plaintiffs have submitted a twenty-three page brief opposing defendants' motion to amend in which plaintiffs specifically respond to the substance of defendants' amended filings."). Accordingly, the Court deems it appropriate to permit the Plaintiff's proposed

2

amendments. *See McAnaney*, 2007 WL 2702348, at *1 n.1 (granting motion to amend Rule 56.1 statements).

The Defendants' only objection to the Plaintiff's proposed amendments are that they are futile and/or irrelevant. As the Defendants pointed out, these considerations only bear on the analysis for proposed amendments to pleadings under Rule 15(a), not the discretionary considerations at play when assessing whether to permit amendments under the Local Rules. To the extent that the Defendants are correct about the effect (or lack thereof) of these new facts on the merits, the Court "in its analysis of the motion[s] for summary judgment, will only consider relevant evidence that is admissible pursuant to the ... frame-work established in Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1." *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 569 (E.D.N.Y.1999).

Therefore, the Court grants the Plaintiff's motion for leave to amend her Rule 56.1 Counterstatement. The parties are directed to meet and confer about a briefing schedule for the Defendants' summary judgment motion and submit a proposed schedule no later than June 17, 2019.

It is **SO ORDERED**:

Dated: Central Islip, New York

June 3, 2019

                                                    /s/ Arthur D. Spatt

                                                    ARTHUR D. SPATT

                                              United States District Judge